By the Court.—Sedgwick, J.
The single ground upon which a reversal of the judgment is asked, is that the motion for a new trial should have been granted, inasmuch as the plaintiff’s case was not supported by a preponderance of proof, and the verdict in his favor was against the preponderance of the proof.
I can not come to such a conclusion, but am of opinion that there was evidence which supports the verdict, and that such evidence was not a little in quantity or insignificant in its relation to the merits of the issue. The action was for broker’s commissions. The defendant testified that he gave the houses to the plaintiff, and told him that he would pay him his commissions if he sold them. He gave the plaintiff distinct authority to offer the house at a certain price. The plaintiff engaged in an effort to sell, and went so far as to bring the defendant and the gentleman who after-wards purchased by an exchange, to a difference of two thousand dollars in cash only; the defendant wanted two thousand dollars more than the purchaser was willing to give.
There were several brokers who had such authority that if they had caused the sale that was made they would have been entitled to commissions. The question was—and it was fairly and with discrimination left to the jury—whether the plaintiff was the broker whose efforts had led to the sale. I do not think there would have been much trouble about deciding which of the brokers was entitled to a commission if the principals-had not considered the expense of brokerage in the transaction. The property of the defendant was to be' exchanged for other property owned by the purchaser. In this other property its owner had a broker, who was to be entitled to commissions from his employer if he succeeded in getting it exchanged for the defendant’s: property.
The evidence justified a construction which the *438 jury could make. The difference between the parties was two thousand dollars.^ If the purchaser thought he was to pay no commissions, by the consent of his broker, and the defendant thought he would have to pay no commissions, because the broker he employed did not accomplish the negotiation entrusted to him, out of this difference would be removed one thousand seven hundred dollars.
The point to be proved, after employment was shown, was that the efforts of the plaintiff had resulted in the sale upon substantially the terms upon which he was to bring about the sale. The plaintiff, and witness produced by him, was present at the closing up of the agreement. On this point he made a prima facie case by testifying that the defendant said to him that the matter was carried through on the basis, that the defendant had given the plaintiff. This was enough to sustain the plaintiff’s recovery, unless the defendant overthrew it by a preponderance of evidence that the jury might rely on. But as to such evidence it was the duty of the jury first to see that the witnesses who gave it had such a recollection of the facts that it should be relied upon, and next to give a correct construction of what was remembered.
There were three witnesses for the defense, the defendant himself, the purchaser, and the broker, who was in one phase of the matter the purchaser’s broker. Hone of these, however, could state the terms upon which the bargain had been closed. The defendant did not state what they were. The purchaser testified that he did not remember what the basis was upon which he finally treated with the defendant. He did not remember what he got for his property. He did not remember what he paid for his property. The broker testified that he could not recollect what the terms of the transaction were; all he knew was that the price of the defendant’s property was eighty- *439 five thousand dollars. The most definite evidence on this point is of the following kind. The purchaser testified that he refused to close the sale upon the terms that the plaintiff brought him, and he never closed them upon those terms. The defendant testified “that there was no difference at the closing between the terms that I gave to the plaintiff and those I gave to the purchaser’s broker, It was closed upon terms that the plaintiff' said he could not accomplish. 1 don’t Itnow how it came to he closed upon those terms. If my recollection serves me right, the difference between the terms that it was closed upon and what he had tried to close it at was two thousand dollars. I stood out for two thousand dollars. I told them I could not make it any other way. I did not vary. I suppose the purchaser’s terms and mine were the same when we closed. I told the plaintiff that I would close upon those terms.”
This evidence did not furnish any facts on which the jury were bound to say that they destroyed the force of the prima facie case of the plaintiff, especially when the means of explanation by defendant were so ample.
There was evidence interspersed, here and there which the jury must have noticed, in view of the doubt there evidently was in the minds of the defendant’s witnesses as to the exact character of the closing up. The plaintiff testified that after his last interview with the defendant, before the bargain was settled, having-received terms from the defendant, he went to the house of the purchaser. The purchaser said he had sent a man, meaning the person who was his own broker, into the defendant’s houses. The plaintiff remarked, “This won’t do. This is wrong.’’ The purchaser then said, “You sit down. You will get your commission—you are entitled to your commission—you stay here,” and some time after, told the *440 plaintiff that the person who had acted as his broker “ has carried it through upon the basis I proposed.” After that, soon it was that the defendant made the admission referred to, that he had not made any different arrangement from what was proposed through the plaintiff.
It appeared from the testimony of the purchaser that his broker, in carrying the terms to the defendant, “ added the price of his brokerage to the value of the property,” i. e., the property he was to give in exchange for the defendant’s property, ‘ ‘ not that I paid it, but what he would have received, so that I could get from the defendant enough to make me whole after I paid my broker.” “ I was doing the best 1 could for myself. The commission was added to the value of my property.” And the purchaser had before testified, ‘I think my broker said he would charge no commission, none to me,” and afterwards, “I had no understanding with him that he was to get his commission out of the defendant.” The j ury may, or at least was at liberty to, infer that the purchaser had been relieved from his broker’s commissions.
On the other hand, there was testimony from which the jury was at liberty to infer that in the final closing up, the defendant had in that closing up considered that he might disregard the expense of any commissions, and could therefore abate eight hundred and fifty dollars from his terms. He testified that he never paid the gentleman (who had acted as the purchaser’s broker, and who upon the trial, it was claimed for the defendant, had induced the transaction in question) as his broker, and, in fact, had not paid any brokerage. Although he did not know how it came to be closed upon the terms which, in fact, made the bargain, he was able to testify “that in the final closing up something was said about commissions.”
The purchaser’s broker was in much doubt, as a wit *441 ness, as to his status: “I have the impression that there was a trade of the house in Thirty-eighth street, i. e., one of the pieces of property that the purchaser gave in exchange for the defendant’s property. I presume that the purchaser has paid me, as his broker, for this portion of that transaction. The defendant has not paid me.” “I don’t know that I have not a claim’’ against the defendant. “I don’t know about that; I have not made up my mind.”
The jury must have considered what, in fact, from the circumstances in evidence, was “ the something that was said about commission, to the defendant in the final closing up. They may have inferred that because the plaintiff was not present at that closing up, the parties bargaining thought he would not be entitled to commission, and that such a consideration was urged by the purchaser’s broker, to show that the defendant might deduct that expense. As the plaintiff was not there to agree to that, his claim remained in abeyance, until he insisted upon it in this action. If the purchaser could give eight hundred and fifty dollars more because he paid no broker, and the defendant could deduct eight hundred and fifty dollars because he paid no broker, all of the difference in the two thousand dollars was disposed of excepting three hundred dollars. Under such a state of facts it can naturally be seen that after the plaintiff claimed his eight hundred and fifty dollars it was difficult for the parties to say whether the bargain was closed upon the terms carried by the plaintiff. I think the jury was at liberty to say that the plaintiff’s efforts had accomplished what was the actual result.
These details have been given because the defendant has no further appeal on such a matter, and because the learned counsel for the appellant made a very zealous and ingenious argument. But I can not help thinking that the jury had enough evidence before them *442 to support the views which have been here indicated-I only add that there were pieces of testimony given by the witnesses for the defense at variance with what has: been here cited. In none of these cases, however, was-the evidence not noticed such a modification of what has been noticed that the latter should not be considered by itself. On the other hand, the plaintiff wag at liberty to ask the verdict of the jury between the two.
The judgment and order appealed from are affirmed, with costs.
Curtis, J., concurred.